NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0098n.06

No. 18-6196

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 11, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| ANTONIO HAWKINS, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER, STRANCH, and NALBANDIAN, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. A jury found Antonio Hawkins guilty of multiple sex trafficking crimes, including trafficking a minor and trafficking by means of force, fraud, or coercion. The Sentencing Guidelines range was 360 months to life in prison. The government sought 420 months' imprisonment; Hawkins sought 360 months or "in that area." The district court sentenced Hawkins to 360 months' imprisonment. Now Hawkins appeals his sentence as substantively unreasonable. [1] For the following reasons, we AFFIRM the judgment of the district court.

---

[1] In November 2019, Hawkins filed two *pro se* motions: the first, received on November 7th, sought leave to file a supplemental brief, and the second, received on November 25th, sought reconsideration and substitution of counsel. Though the motions are muddled, and at times contradictory, we understand the second *pro se* motion to be asking this court to strike the first *pro se* motion filed just a few weeks earlier. Because "[a] document filed *pro se* is to be liberally construed," we will accept Hawkins's request and, therefore, DISMISS the first *pro se* motion. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, his second *pro se* motion, even when liberally construed, does not properly raise any arguments on direct appeal, and therefore is DENIED.

"Under the Federal Rules of Appellate Procedure, a defendant—whether represented by counsel or proceeding *pro se*—must file a single brief . . . Once the defendant has done so, issues unaddressed by the original brief may not later

**I.**

In the spring of 2016, Hawkins operated a prostitution ring that involved taking several women to various cities in different states, including New Orleans, Louisiana; Houston, Texas; and Memphis, Tennessee, to engage in prostitution. One of the victims was a 15-year-old minor. Hawkins also beat and threatened the women he was prostituting, including the 15-year-old minor, on multiple occasions, something Hawkins would later brag about on the phone while in jail. On February 20, 2018, the grand jury indicted Hawkins on five counts: Count 1, Interstate Sex Trafficking of a Minor, 18 U.S.C. § 1591(a), (b)(2), and (c); Count 2, Interstate Sex Trafficking of a Minor by Force, Fraud, or Coercion, 18 U.S.C. §§ 1591(a), (b)(1), and (2), (c) and 2; Count 3, Interstate Travel with Intent to Promote, Manage, Establish, Carry On and Facilitate an Unlawful Activity, 18 U.S.C. § 1952(a)(3); Count 4, Interstate Transportation of an Individual Other than a Minor with Intent to Engage in Criminal Sexual Activity, 18 U.S.C. §§ 2421 and 2; and Count 5, Interstate Transportation of a Minor with Intent to Engage in Criminal Sexual Activity, 18 U.S.C. § 2423(a).

Hawkins went to trial and the jury found him guilty of all five counts. The court accepted the pre-sentence report, which included Hawkins's explaining that he accepted responsibility for

---

be raised." *United States v. Montgomery*, 592 F. App'x 411, 415 (6th Cir. 2014) (citing Fed. R. App. P. 31(a); *United States v. Williams*, 544 F.3d 683, 690 (6th Cir. 2008)). Hawkins's counsel filed an appeal on August 5, 2019. There is no "constitutional entitlement to submit a *pro se* appellate brief on direct appeal in addition to the brief submitted by appointed counsel." *McMeans v. Brigano*, 228 F.3d 674, 684 (6th Cir. 2000).

This court has exercised its discretion to address supplemental *pro se* briefs, in addition to the brief filed by counsel, when the *pro se* supplemental brief "appears to have merit." *See, e.g.*, *Miller v. United States*, 561 F. App'x 485, 489 (6th Cir. 2014). Because both of the claims Hawkins raises in the second *pro se* motion appear to be without merit (i.e., alleging that the indictment and jury instruction for Count 2 were improperly missing an element, and ineffective assistance of counsel), we need not address them further. Though unavailable on direct appeal for the reasons stated, we do not address whether Hawkins may be able to bring an ineffective assistance of counsel claim on collateral review. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("In light of the way our system has developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.").

all counts except Count 2, Interstate Sex Trafficking of a Minor by Force, Fraud, or Coercion: "I admit the facts. My fight going to trial was for force, fraud, and coercion."

Based upon a total offense level of 37 and a criminal-history category of VI, the Sentencing Guidelines range for his convictions was 360 months to life in prison, with a mandatory minimum of 180 months for Count 2 and 120 months for Counts 1 and 5. The government sought a 420-month sentence, while Hawkins asked for a sentence of 360 months' imprisonment or one "in that area." The district court sentenced Hawkins to 360 months.

On appeal, Hawkins "does not challenge the underlying conviction or the calculation of the Sentencing Guidelines range," but rather challenges only "the substantive reasonableness of the sentence."

## II.

"The question of whether a sentence is reasonable is determined using the abuse-of-discretion standard of review." *United States v. Webb*, 616 F.3d 605, 609 (6th Cir. 2010) (citation omitted). "The defendant shoulders the burden of showing substantive unreasonableness." *United States v. Woodard*, 638 F.3d 506, 510 (6th Cir. 2011). "A sentence is substantively unreasonable if the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Hall*, 632 F.3d 331, 335 (6th Cir. 2011) (internal quotation marks and citation omitted). However, "it is not our job to second-guess the district court's reasonable balancing of the factors." *United States v. Martin*, 751 F. App'x 873, 875 (6th Cir. 2018) (citing *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008)).

Hawkins argues that, because of his age, the district court's sentence "amounts to a life sentence" and, therefore, it is substantively unreasonable. He further contends that the sentence is

unreasonable because the probation conditions intended to help him, including vocational training, drug treatment, and mental health counseling, will not be available to him until after his sentence is completed. Hawkins believes that it was unreasonable for the court to impose such a lengthy sentence when doing so "would delay addressing [Hawkins's mental health and drug usage] issues for the next 30 years," at which point Hawkins will be nearly 70 years old.

As we have repeatedly held, there is no merit to the argument that a sentence that "amounts to a life sentence" because of the defendant's age is substantively unreasonable. *See, e.g., United States v. Villa-Castaneda*, 755 F. App'x 511, 523 (6th Cir. 2018) (rejecting the argument that a sentence that "amount[s] to a life sentence given [the defendant's] age" is substantively unreasonable); *United States v. Souders*, 747 F. App'x 269, 276, n.3 (6th Cir. 2018) ("[T]here is rarely—if ever—a circumstance where the fact that a sentence might mean a particular defendant will die in jail, *i.e.*, an 'effective life sentence,' carries independent sentencing significance."); *United States v. Martin*, 722 F. App'x 435, 437-38 (6th Cir. 2018) (rejecting the argument that a "414-month sentence is substantively unreasonable because it takes [the defendant] to the edge of his life expectancy") (internal quotation marks omitted); *United States v. Wolcott*, 483 F. App'x 980, 989 (6th Cir. 2012) (upholding "a de facto life sentence" given the defendant's age as substantively reasonable). If we were to hold otherwise, "*every* older offender [could] argue for a lower sentence on this basis—a broader policy consideration that seems to be beyond the purview of this court." *Souders*, 747 F. App'x at 276, n.3.

Hawkins offers no other basis for his claim that his sentence is substantively unreasonable. The transcript reflects that the district court properly considered the relevant factors, including the severity of the crime, his criminal history, his upbringing, and his employment history. After careful review, we find nothing that suggests that the sentence was arbitrary, based on

impermissible factors, or unreasonably gave too much weight to one factor.  *See Hall*, 632 F.3d at 335.  We find no abuse of discretion by the district court.

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.